UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARCELO L.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　Defendant. | Case No. 3:24-cv-05439-TLF<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

  Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

  On February 18 2021 plaintiff filed applications for SSI and DIB alleging a disability onset date of January 2, 2021. AR 34-41, 342-48. The applications were denied initially and upon reconsideration. On May 1, 2023 a hearing was held in front of ALJ David Johnson. AR 45-96. On June 12, 2023 ALJ Johnson issued a decision finding plaintiff not to be disabled. AR 15-44. The Appeals Council declined the request for review and plaintiff filed this action. AR 1-7.

The ALJ determined plaintiff had the following severe impairments: "hypertension, vision abnormality, degenerative disc disease, asthma, sleep apnea, diabetes mellitus, obesity attention deficit hyperactivity disorder, generalized anxiety disorder, and major depressive disorder." AR 28. The ALJ found plaintiff had the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567(a) and 416.967(a) with the following additional limitations:

> Does not require climbing or crawling; that does not require more than occasional stooping, kneeling, or crouching; that does not require right field of vision; that does not require exposure to hazards, as defined in the DOT and including automobile traffic or other moving machinery or parts; that consists of simple instructions; and that consists of tasks that follow a set routine.

AR 24. As a result, the ALJ determined plaintiff could perform the requirements of representative occupations such as: Touch-up Screener (DOT 726.684-110, sedentary, SVP 2); Polisher, Eyeglass Frames (DOT 713.684-038, sedentary, SVP 2); Lens Inserter (DOT 713.687-026, sedentary, SVP 2); Final Assembler (DOT 713.687-018, sedentary, SVP 2). AR 36.

## DISCUSSION

The parties agree the ALJ committed harmful error in the consideration of the medical opinion evidence, but disagree on whether the appropriate remedy is remand for further proceedings or remand for an immediate award of benefits. Dkt. 16 at 1, Dkt. 17 at 1. Therefore, the Court reviews whether the appropriate remedy would be for a remand for award of benefits, or a remand for further proceedings.

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If

an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed an analysis that includes three elements all of which must be satisfied for a remand to award benefits. Such remand is generally proper only where:

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). The court is prohibited from accepting as true improperly rejected evidence and skipping to the consideration of whether there are outstanding issues that remain. *Leon v. Berryhill,* at 1046; *Dominguez v. Colvin,* 808 F.3d 403, 409 (9th Cir. 2015). As to the third step, "the district court must consider the testimony or opinion that the ALJ improperly rejected, in the context of the otherwise undisputed record, and determine whether the ALJ would necessarily have to conclude that the claimant were disabled if that testimony or opinion were deemed true." *Dominguez,* 808 F.3d at 407.

"Except in rare circumstances", the district court should "remand to the agency for additional investigation or explanation." *Treichler v. Comm'r of Soc., Sec. Admin.,* 775 F.3d 1090, 1099 (9th Cir. 2014). The Ninth Circuit emphasized in *Leon* that even when each element or the review concerning the appropriate remedy on remand is

3

1   satisfied, the district court still may remand for further proceedings or for award of
2   benefits. *Leon*, 80 F.3d at 1045; see also, *Burrell v. Colvin,* 775 F.3d 1133, 1141-1142
3   (9th Cir. 2014) (even assuming all three elements of the criteria for deciding the remedy
4   were satisfied, the Ninth Circuit found the record as a whole created serious doubt
5   about whether the plaintiff was disabled; remand for award of benefits was therefore
6   unwarranted).

7       The parties agree that part two of the remedy analysis is satisfied, but the first
8   element – whether the record needs further development, and whether outstanding
9   issues and ambiguity exists that could be addressed on remand – is at issue. *Trevizo*,
10  871 F.3d at 682-83. As for element two, plaintiff asks that the Court remand for an
11  award of benefits based on the ALJ's errors at step five.

12      As to element one, defendant argues that remand for further proceedings is
13  warranted so that the opinion evidence can be properly considered. Dkt. 16 at 2.
14  Defendant also argues that plaintiff has not shown that there is no question that he
15  meets the criteria for a finding of disability. *Id*. at 3.

16      Here the Court cannot say that further administrative proceedings would serve no
17  useful purpose. Both parties agree that the testimony of Dr. Snyder, Dr. Packer, and Dr.
18  Enkema were not taken into account. *See* Dkt. 16 at 3-5; Dkt. 17 at 3-4. "Where there is
19  conflicting evidence, and not all essential factual issues have been resolved, a remand
20  for an award of benefits is inappropriate." *Treichler v. Comm'r of Soc. Sec. Admin*., 775
21  F.3d 1090, 1101 (9th Cir. 2014).

- Medical Expert Christopher Snyder, D.O.

Plaintiff challenges the ALJ's assessment of Dr. Snyder because the ALJ found Dr. Snyder's opinion persuasive but did not account for Dr. Snyder's opinion that it was possible that due to plaintiff's clinical findings, he may have days where he needed to lie down at some point to relieve pain. Dkt. 12 at 8 (citing AR 69).

Defendant argues that because the ALJ found Dr. Snyder's opinion persuasive but failed to include opined limitations in sitting, standing, and walking in the RFC, remand is necessary to either include all of the limitations opined by Dr. Snyder in the RFC or explain why they are not being included. Dkt. 16 at 3. Defendant also states that remand would be useful to obtain vocational expert testimony to determine if there are jobs existing in significant numbers that plaintiff can perform in accordance with the RFC determination. *Id*. at 4.

The vocational expert testified that an individual who would need to sit for thirty minutes and stand for thirty minutes could perform the representative occupations identified. AR 94. However, the vocational expert also stated that someone who can sit for thirty minutes, stand for thirty minutes, walk for thirty minutes could not perform any sedentary, entry level work. *Id*. He additionally testified that someone who needed to lie down for an hour a day during the workday would be unable to perform any work at any exertion level. *Id*.

Dr. Snyder did not opine that plaintiff would need to lie down for an hour every day; Dr. Snyder opined it was more likely than not that approximately two days a month plaintiff would need to lie down at some point to relieve pain. AR 69. The ALJ found Dr. Snyder's testimony, statements, and opinions persuasive but did not address or include

in the RFC any limitations pertaining to the need to adjust positions, sitting, standing, or walking, or the need to lie down.

Remand is necessary for the ALJ to fully consider the limitations opined by Dr. Snyder and either incorporate them into the RFC or explain why they are not being incorporated.

- Brent Packer, M.D. and Louis Enkema, M.D.

The parties agree that the ALJ erred in assessing the opinions of Dr. Packer and Dr. Enkema. Dkt. 12 at 5-6; Dkt. 16 at 4-5.

Defendant argues the case should be remanded for additional proceedings because the ALJ found Dr. Packer's opinion to be unpersuasive but the RFC determination was in accordance with Dr. Packer's opinion insofar as the opinion limits plaintiff to sedentary work with limits on exposure to hazards in the workplace. Dkt. 16 at 4.

Dr. Packer reviewed plaintiff's records and determined that plaintiff had a marked limitation in postural restrictions and the ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; he assigned sedentary as the highest level of work plaintiff could perform. AR 783-86. The ALJ found the opinion to be unpersuasive on the basis that it was inconsistent with and unsupported by the record.

Plaintiff argues Dr. Roes opined similar limitations and the ALJ cited the same evidence in discounting Dr. Packer's opinion as he did in crediting Dr. Roes' opinion. *See* AR 637-41, 32. Additionally, the ALJ limited plaintiff to sedentary work, which is not inconsistent with Dr. Packer's opinion.

  Dr. Enkema conducted a consultative examination and determined that plaintiff was limited to standing, walking, and sitting for four hours each in a work day, for 30 minutes at a time. 751-58. He opined plaintiff could occasionally lift/carry ten pounds, climb, balance, and reach overhead, but could never stoop, kneel, crouch, crawl, or be exposed to environmental limitations such as heights, moving machinery, extreme temperatures, chemicals, dust, and vibration. AR 756-58.

  The ALJ determined that Dr. Enkema's opinion was unpersuasive because it was inconsistent with and unsupported by the medical record. AR 33. The ALJ's decision includes a list of medical evidence, and refers to Dr. Snyder as more persuasive than Dr. Enkema, but does not provide reasons for rejecting the limitations opined by Dr. Enkema. There is not enough analysis to connect the recitation of the evidence with the ALJ's reasoning, only a statement of medical evidence and a comparison with Dr. Snyder, without any explanation of how that medical evidence bears on the issue of whether Dr. Enkema's opinions about limitations are persuasive.

  Because the ALJ's analysis is insufficient for the Court to review the reasoning concerning Dr. Enkema, or Dr. Packer, and the limitations were not included in the hypothetical to the Vocational Expert or in the RFC, the ALJ's rejection of this evidence was not harmless. *See Brown-Hunter v. Colvin,* 806 F.3d 487, 494 (9th Cir. 2015).

  A remand for further proceedings is the appropriate remedy to resolve the discrepancies between the weight afforded to the opinion evidence and the limitations included in the RFC and in turn to consult a vocational expert to determine the impact of these limitations upon the available jobs. *Treichler,* 775 F.3d at 1101.

Plaintiff also challenges the ALJ's assessment of his subjective symptom testimony, the lay evidence, and evidence submitted to the appeals council. Dkt. 12. However, because the Court has determined that the record is not free from conflicts, such as conflicts in the medical evidence, and this case should be remanded for further proceedings, this evidence must be assessed anew upon remand.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings.

Dated this 17th day of April, 2025

Theresa L. Fricke
United States Magistrate Judge